UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:19-CR-00028-1-GNS-CHL

UNITED STATES OF AMERICA                                        PLAINTIFF

v.

MELVIN P. CARR                                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Objection (DN 45) to the Magistrate Judge's Findings of Facts, Conclusions of Law, and Recommendation ("R&R") (DN 41) regarding Defendant's Motion to Suppress (DN 19). The matter is now ripe for adjudication. For the reasons that follow, the Magistrate Judge's R&R is **ADOPTED**, the objection is **OVERRULED**, and the motion (DN 19) is **DENIED**.

**I.    BACKGROUND**

In the midafternoon of August 19, 2017, Louisville Metro Police Department ("LMPD") Officer Seng was traveling in the Portland neighborhood when he observed a black Impala with tinted windows, which he believed to be in violation of Kentucky law. (R&R 1-2, DN 41; Suppression Hr'g Tr. 5:6-6:2, 8:8-10, DN 29); *see* KRS 189.110. Seng therefore initiated a traffic stop. (R&R 2; Suppression Hr'g Tr. 5:11-18). As Seng was in the process of initiating the traffic stop, Defendant Melvin P. Carr ("Carr") began exiting the vehicle, as he apparently had reached his intended destination. (Def.'s Mem. Supp. Mot. Suppress 1-2, DN 31). Seng told Carr to remain in the vehicle. (Def.'s Mem. Supp. Mot. Suppress 1-2). Seng approached the Impala, detecting the odor of burnt marijuana emanating from it. (R&R 2; Suppression Hr'g Tr. 6:15-18, 13:2-16:6).

Seng also observed a female in the passenger seat of the Impala, who was later established to be sixteen years old. (R&R 2; Suppression Hr'g Tr. 6:19-21).

While Seng was speaking to Carr and gathering his information, LMPD Officers Dean, Stafford, Weber, and Despain arrived at the scene. (R&R 2-3; Suppression Hr'g Tr. 6:22-7:4). Dean and Weber made remarks about the smell of marijuana while standing near the Impala. (R&R 3). Weber and Stafford spoke with the passenger, while Despain stayed with Carr at the request of Seng. (R&R 3). Eventually, Despain asked Carr to exit the Impala. (R&R 3-4; Suppression Hr'g Tr. 52:21-22). After Carr exited the Impala, Dean looked under the driver's seat and found a firearm. (R&R 4; Suppression Hr'g Tr. 52:25-53:1). Seng's review of Carr's information and a criminal history search revealed that Carr was a convicted felon. (R&R 3; Suppression Hr'g Tr. 7:16-22).

On February 20, 2019, Carr was indicted on one count of possession of a firearm by a convicted felon. (Indictment 1, DN 1); *see* 18 U.S.C. § 922(g)(1). Carr moved to suppress the evidence recovered in this case, making three arguments: (1) Seng's traffic stop was pretextual; (2) officers lacked probable cause to search his automobile; and (3) Carr was denied his *Miranda* rights[1] before admitting to ownership of the gun and to his status as a convicted felon. (Def.'s Mot. Suppress 1, DN 19; Def.'s Mem. Supp. Mot. Suppress 2-3, DN 19-1; Def.'s Post-Hr'g Mem. 4-5, DN 31; R&R 4). The Magistrate Judge: (1) rejected Carr's pretext argument; (2) found the requisite probable cause existed to search Carr's vehicle; and (3) found Carr's *Miranda* rights argument to be moot after the United States promised not to use any of Carr's statements obtained

---

[1] *See Miranda v. Arizona*, 384 U.S. 436, 444 (1966) ("Prior to any questioning [by law enforcement], [an accused] person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed.").

in violation of *Miranda* to support its case-in-chief.[2]  (R&R 4-8; Order, DN 40).  Carr's Objection essentially reiterates the same arguments in support of his motion to suppress.  (Def.'s Obj. 1-4, DN 45).

## II. **DISCUSSION**

A magistrate judge's report and recommendation on dispositive motions, such as a motion for the suppression of evidence, is subject to de novo review by the district court.  *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

Carr first argues that the stopping of his vehicle violated the Fourth Amendment because it was pretextual.  (Def.'s Obj. 2-3).  Specifically, Carr argues that LMPD officers are generally engaging in impermissible "aggressive policing[,]" akin to New York City's Stop and Frisk Law, causing Seng in this case to stop Carr for the sole purpose of searching for drugs and firearms. (Def.'s Obj. 2-3).

The Fourth Amendment of the United States Constitution protects citizens from unreasonable searches and seizures.  *See Soldal v. Cook Cty.*, 506 U.S. 56, 62 (1992).  "[S]topping an automobile and detaining its occupants constitute a 'seizure' within the meaning of [the Fourth Amendment], even though the purpose of the stop is limited and the resulting detention quite brief."  *Delaware v. Prouse*, 440 U.S. 648, 653 (1979) (citations omitted).  "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe

---

[2] Although the Magistrate Judge placed the burden of proof on Carr to establish the unconstitutionality of the search and seizure, that rule applies if the search and seizure occur pursuant to a warrant; rather, it is generally the government's burden to establish the constitutionality of a warrantless search and seizure. (R&R 4); *see United States v. Jackson*, No. 1:14-CR-29, 2015 WL 4509452, at *8-10 (E.D. Tenn. July 24, 2015) (detailing why the government bears the burden of proving the constitutional validity of a warrantless search and seizure).  In any event, Carr does not dispute the factual predicate supporting the government's articulated reasons for initiating the traffic stop and searching his vehicle.  (Def.'s Obj. 1-3, DN 45).

3

that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996) (citations omitted).

As the Magistrate Judge recognized, Carr has never refuted Seng's testimony that Carr's window tint was in violation of Kentucky law; indeed, Carr still does not do so in his Objection. (R&R 5-6; Def.'s Obj. 1-4). Instead, Carr argues that his window tint was not the real reason for his stop. (Def.'s Obj. 2-3). However, "[t]he subjective intent of the officer making the stop is irrelevant in determining whether the stop violated the defendant's Fourth Amendment rights." *United States v. Collazo*, 818 F.3d 247, 253 (6th Cir. 2016) (citations omitted). Indeed, "the Fourth Amendment allows 'police officers to stop vehicles for any infraction, no matter how slight, even if the officer's real purpose was a hope that narcotics or other contraband would be found as a result of the stop.'" *United States v. Warfield*, 727 F. App'x 182, 188 (6th Cir. 2018) (citations omitted). "[S]o long as the officer has probable cause to believe that a traffic violation has occurred or was occurring, the resulting stop is not unlawful and does not violate the Fourth Amendment." *United States v. Ferguson*, 8 F.3d 385, 391 (6th Cir. 1993) (citation omitted); *see also id.* (stating that a traffic stop is constitutional if an officer had probable cause to make the stop, and the stop is not pretextual merely because the officer had other motivations unrelated to the traffic stop). Because Carr has never challenged Seng's articulated probable cause for stopping him, his pretext argument is rejected.

Carr next challenges the validity of Dean's search of his vehicle, which uncovered Carr's illegally-possessed firearm. (Def.'s Obj. 1). "Although searches must normally be conducted pursuant to a warrant, under the well-known automobile exception, a warrantless search of a vehicle that has been stopped lawfully is permissible if the search is based upon probable cause." *United States v. Crumb*, 287 F. App'x 511, 513 (6th Cir. 2008) (citations omitted). In that vein,

4

"the detection of a narcotic's odor, by itself, is sufficient to provide probable cause to conduct a lawful search of a vehicle." *Id.* at 514 (citations omitted); *see also United States v. Foster*, 376 F.3d 577, 588 (6th Cir. 2004) (holding that "when the officers detected the smell of marijuana coming from Foster's vehicle, this provided them with probable cause to search the vehicle without a search warrant" which "therefore turned a lawful *Terry* stop into a lawful search"); *United States v. Elkins*, 300 F.3d 638, 659 (6th Cir. 2002) (observing that the Sixth Circuit "has held that an officer's detection of the smell of marijuana in an automobile can by itself establish probable cause for a search." (citation omitted)); *United States v. Littleton*, 15 F. App'x 189, 193 (6th Cir. 2001) (rejecting defendant's argument that probable cause was lacking because drug detection dog was unreliable, and holding that training and reliability of drug dog was irrelevant because smell of marijuana was sufficient to establish probable cause to permit warrantless search of vehicle). In this instance, when Dean detected marijuana emanating from Carr's vehicle the requisite probable cause to search Carr's car existed. (R&R 3).

Carr argues that the Magistrate Judge, in coming to the same conclusion, "ignored the fact that Officer Weber had already found the marijuana on the female passenger." (Def.'s Obj. 1). Carr appears to be making the argument that once officers found marijuana on the female passenger, they no longer had a basis to search Carr's vehicle. However, "[t]he scope of a warrantless search of an automobile . . . is defined by the object of the search and the places in which there is probable cause to believe that it may be found." *United States v. Ross*, 456 U.S. 798, 824 (1982). The fact that a search of the female passenger produced contraband, coupled with acknowledgement by multiple officers that a heavy smell of marijuana was emanating from the vehicle, supports the existence of the requisite probable cause to search the vehicle for additional contraband. (R&R 2-3, n.4); *see United States v. Brown*, 677 F. App'x 827, 829 (4th

Cir. 2017) ("[P]robable cause exists to search a vehicle when 'a police officer lawfully searches a vehicle's recent occupant and finds contraband on his person.'" (quoting *United States v. Baker*, 719 F.3d 313, 315 (4th Cir. 2013)); *see also United States v. Parker*, 72 F.3d 1444, 1450-51 (10th Cir. 1995) (finding probable cause to search trunk based on smell of marijuana combined with corroborating evidence of contraband (powder residue and marijuana cigarette) found on occupant).

Finally, Carr requests a more definitive ruling that the United States may not use any of the statements he made to officers before he was issued his *Miranda* rights. (Def.'s Obj. 3-4). The Magistrate Judge deemed this portion of Carr's motion to suppress moot because "the United States represented that it would not seek to use any of Carr's statements made during the stop in its case-in-chief." (R&R 8). "Statements obtained in violation of *Miranda* generally are inadmissible in the government's case-in-chief. But a defendant's voluntary statements—even if obtained in violation of *Miranda*—are admissible as impeachment evidence." *United States v. Gomez*, 725 F.3d 1121, 1125-26 (9th Cir. 2013) (internal citation omitted) (citation omitted); *see also Oregon v. Elstad*, 470 U.S. 298, 307 (1985) ("[T]he *Miranda* presumption, though irrebuttable for purposes of the prosecution's case in chief, does not require that the statements and their fruits be discarded as inherently tainted. Despite the fact that patently *voluntary* statements taken in violation of *Miranda* must be excluded from the prosecution's case, the presumption of coercion does not bar their use for impeachment purposes on cross-examination." (citation omitted)).

As outlined in the R&R, the United States has agreed to refrain from using any of Carr's statements obtained in violation of *Miranda* against him during its case-in-chief. (R&R 8; Order, DN 40). As for the use of Carr's statements against him for impeachment purposes on cross examination:

6

> There are two important limitations on the government's ability to impeach a defendant with prior inconsistent statements taken in violation of *Miranda*. First, the statement must have been voluntary. . . . The second relevant limitation is that, in order to be admissible, the statements must be "*arguably*" inconsistent with the defendant's testimony at trial.

*Gomez*, 725 F.3d at 1126 (emphasis in original) (citations omitted). Should Carr testify at trial, the Court will revisit this issue, but at this point no further clarification is needed.

For these reasons, the Magistrate Judge's R&R will be adopted and Carr's motion to suppress will be denied.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Objections (DN 45) are **OVERRULED**, and the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 41) is **ADOPTED**. Defendant's Motion to Suppress (DN 19) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

March 30, 2020

cc: counsel of record